### IN THE UNITED STATED DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA CADDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | C.A. No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ASTRAZENECA ) | |
| PHARMACEUTICALS LP ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Sandra Caddell ("Plaintiff") files this action against Defendant, AstraZeneca Pharmaceuticals LP ("Defendant" or "AstraZeneca") for damages for *inter alia*, violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2611 *et seq*, Title VII of the Civil Rights Act of 1964, the Delaware Discrimination in Employment Act, and the Employee Retirement Income Security Act ("ERISA").

## NATURE OF THE ACTION

2. Defendant AstraZeneca employed Plaintiff for over 21 years. Plaintiff was hired as a Library Technician on February 17, 1998, and was terminated on August 13, 2019.

3. Defendant AstraZeneca engaged in age discrimination and wrongfully discriminated against Plaintiff by virtue of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

4. Defendant AstraZeneca engaged in racial discrimination and wrongfully discriminated against Plaintiff by virtue of her race in violation of Title VII of the Civil Rights Act of 1964.

5. Defendant AstraZeneca engaged in gender discrimination and wrongfully discriminated against Plaintiff by virtue of her gender in violation of the Title VII of the Civil Rights Act of 1964.

6. Defendant AstraZeneca engaged in family responsibility discrimination and wrongfully discriminated against Plaintiff by virtue of her family responsibilities in violation of the Delaware Discrimination in Employment Act.

7. Defendant AstraZeneca retaliated against Plaintiff by virtue of her taking protected medical leave in violation of the Family Medical Leave Act ("FMLA") of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

8. Defendant AstraZeneca violated the Employee Retirement Income Security Act ("ERISA") by virtue of Plaintiff's termination.

## JURISDICTION

9. This Court has original jurisdiction pursuant to 28 U.S.C § 1331.

10. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

12. Plaintiff, Sandra Caddell, is an African American female and is a resident of Wilmington, New Castle County, Delaware, who at all times relevant to this Complaint was an employee of Defendant AstraZeneca.

13. Defendant AstraZeneca has a registered agent at 1209 Orange Street, Wilmington DE 19801. At all times relevant hereto, Defendant AstraZeneca was an "employer" as defined by 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCESS

14. On June 8, 2020, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and simultaneously with the Equal Employment Opportunity Commission ("EEOC") alleging race, sex, and age discrimination as well as retaliation and Family Cares Responsibilities discrimination against Defendant AstraZeneca.

15. On March 12, 2021, Plaintiff requested a right to sue from the DDOL and the EEOC.

16. On May 7, 2021, Plaintiff received a "Notice of Right to Sue" from the DDOL. *See Exhibit A*.

17. On May 10, 2021, Plaintiff received a "Notice of Right to Sue" from the EEOC. *See Exhibit B*.

18. Plaintiff has filed this action within ninety (90) days after receipt of her Right to Sue Notice from the EEOC.

19. Plaintiff has satisfied all statutory prerequisites for filing this action.

20. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2611 *et seq,* or the Employee Retirement Income Security Act ("ERISA").

## FACTS

21. Plaintiff began her employment with Defendant on February 17, 1998, and remained employed with Defendant until her termination on August 13, 2019.

22. On May 2, 2018, through June 4, 2018, Plaintiff took FMLA leave to care for her elderly mother while she suffered from a severe illness.

23. On September 17, 2018, Plaintiff was promoted to Global Commercial Operations as a Content Center Operations Manager.

24. In October of 2018, Plaintiff underwent emergency surgery and required additional leave to recover. Plaintiff took leave protected by the FMLA on October 23, 2018, through November 26, 2018.

25. In January of 2019, Plaintiff was forced to work remotely in order to care for her elderly father after his hospitalization. Plaintiff's manager encouraged her to take leave to focus on her father's care.

26. On February 12, 2019, through March 7, 2019, Plaintiff took her remaining protected leave under the FMLA.

27. On March 1, 2019, Plaintiff requested approval for additional personal leave to continue caring for her father. Plaintiff's manager recommended and approved her personal leave.

28. Plaintiff's personal leave was from March 8, 2019, through March 29, 2019.

29. Defendant hired a younger, Caucasian male, with Plaintiff's same title while Plaintiff was on approved leave.

30. Plaintiff returned to work on April 1, 2019.

31. Defendant conducted important meetings regarding the Content Center Operations Manager position with Mr. Keith Gentry, excluding Plaintiff.

32. Only two months after returning to work from leave, Plaintiff was placed on a developmental plan ("Plan") on June 5, 2019. Plaintiff was not aware of any complaints regarding her performance in her role as Content Center Operations Manager prior to receiving the Plan.

33. The Plan cited "attendance in the office" as a primary complaint of Plaintiff's performance.

34. Plaintiff asked if Defendant intended to keep her in this role, Ms. Parkinson stated, "I never thought that you would work through the development plan, I thought you would just take the money and stay at home with your father."

35. On August 13, 2019, Defendant AstraZeneca terminated Plaintiff effective as of August 30, 2019.

36. Defendant AstraZeneca notes in Plaintiff's Final Plan – Final Outcome that Plaintiff's level of participation and focus on her work has improved significantly.

37. On August 26, 2019, Plaintiff raised a formal complaint of retaliation and requested an appeal of the Plan. On August 29, 2019, Plaintiff filed a formal complaint for FMLA retaliation with Ms. Kellum-Jackson.

38. On October 23, 2019, Plaintiff was notified her appeal had been denied.

39. In 2017, Defendant AstraZeneca announced changes to the AstraZeneca Retiree Health Care Plan Medical and Dental Benefits. In order to be eligible for medical and dental benefits on the plan, employees must be fifty-five years or older with at least ten years of eligible service by December 31, 2020.

40. At the time her termination, on August 13, 2019, Plaintiff was fifty-four years old with approximately twenty-one years of eligible service.

41. Upon information and belief, Defendant AstraZeneca has grandfathered in individuals within a year of eligibility.

42. Plaintiff turned fifty-five in May of 2020. Plaintiff was less than nine months from becoming eligible for Defendant AstraZeneca's medical retirement plan.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
### Discrimination Based on Age in Violation of the
### Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.,* and the
### Delaware Discrimination in Employment Act, 19 Del. C. § 710, *et. seq*.

43. The allegations of Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44. Defendant AstraZeneca employs twenty or more employees and is an "Employer" as defined by 29 U.S.C. § 630.

45. At all times relevant hereto, Plaintiff was employed by Defendant AstraZeneca and is an "Employee" as defined by 29 U.S.C. § 630.

46. Plaintiff received a Right to Sue letter from DDOL on May 7, 2021, and a Right to Sue letter from the EEOC on May 10, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

47. At the time of termination, Plaintiff was less than nine months from becoming eligible for Defendant AstraZeneca's medical retirement plan.

48. On or around April 1, 2019, Plaintiff was informed her duties and responsibilities had been reassigned to Mr. Keith Gentry, a younger male employee. Upon Plaintiff's return to work, Defendant continued to train Mr. Gentry for Plaintiff's position.

49. Defendant regularly conducted meetings discussing necessary information for the Content Center Operations Manager. Plaintiff was not permitted to participate, nor was she subsequently provided with the information that was discussed. Alternatively, Mr. Gentry participated in these meetings.

50. Upon information and belief, Plaintiff was replaced by a younger employee.

51. Defendant AstraZeneca engaged in intentional age discrimination in the terms and conditions of Plaintiff's employment.

52. Therefore, Defendant AstraZeneca's discrimination against Plaintiff because of her age constitutes an unlawful employment practice in violation of 29 U.S.C. § 630.

53. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, and the cost of bringing this action.

### Count II
### Violations of the Family Medical Leave Act,
### 29 U.S.C. § 2601 *et seq*. ("FMLA")

54. The allegations of paragraphs 1 through 53 are fully incorporated by reference as if fully restated herein.

55. Defendant employs fifty or more employees and is an "Employer" as defined by 29 U.S.C. § 2611(4).

56. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Eligible Employee" as defined by 29 U.S.C. § 2611 (2).

57. "Leave" under the Act shall be granted to a qualified employee for any of the following reasons: … "to care for an employee's spouse, son, daughter, or parent who has a serious health condition; or for a serious health condition that renders employees unable to perform their job." 29 U.S.C. § 2612.

58. Plaintiff's mother's severe illness, which required extensive home care, constitutes a "serious health condition" as defined by 29 U.S.C. § 2611(11).

59. Plaintiff's emergency appendectomy surgery and recovery on or around October 23, 2018, through November 26, 2018, constitutes a "serious health condition" as defined by 29 U.S.C. § 2611(11).

60. Plaintiff's father's hospitalization in or around January of 2019 through March of 2019 constitutes a "serious health condition" as defined by 29 U.S.C. § 2611(11).

61. Qualified employees are permitted 12 weeks or 480 hours of leave. Further, this leave can be "intermittent" or "continuous." 29 U.S.C. §2612(b).

62. Thus, Plaintiff's actions and requests for leave were in direct accordance with her rights under the FMLA. Under 29 U.S.C. § 2615(a) it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise" these rights." Nor may employers "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful."

63. In accordance with 29 U.S.C. § 2615, employers are legally prohibited from terminating or disciplining employees for excessive absenteeism under the FMLA.

64. Plaintiff was placed on a performance plan on June 5, 2019. Defendant AstraZeneca identified "attendance in the office" as a chief complaint.

65. Under the FMLA, an employee is entitled to be "restored by the employer to the position of employment held by the employee or an equivalent position when the leave commenced upon return from FMLA leave." 29 U.S.C. § 2614(a)(1).

66. Defendant AstraZeneca reassigned Plaintiff's job duties and responsibilities to another individual while Plaintiff was out on FMLA leave.

67. Plaintiff asserts upon her return, Mr. Gentry maintained the same duties as Plaintiff.

68. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated the FMLA and applicable regulations.

### Count III
### Discrimination Based on Race in Violation of Title VII of the Civil Rights Act of 1964

69. The allegations of Paragraphs 1 through 68 are incorporated by reference as if fully restated herein.

70. Defendant AstraZeneca employees fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

71. Plaintiff received a Right to Sue letter from the DDOL on May 7, 2021, and a Right to Sue letter from the EEOC on May 10, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

72. During Plaintiff's employment with Defendant AstraZeneca, she was discriminated against in violation of Title VII.

73. Title VII makes it an unlawful practice to, among other things, "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e(a)(1).

74. Plaintiff is a member of a protected class of which Defendant was aware.

75. Plaintiff was qualified for the position of Content Center Operations Manager in Global Commercial Operations for which she was promoted to in September of 2018.

76. Defendant AstraZeneca effectively replaced Plaintiff with Mr. Gentry while she was out on leave. Mr. Gentry is a Caucasian male with significantly less experience than Plaintiff.

77. Defendant has subjected Plaintiff to discrimination on the basis of her race in violation of Title VII by terminating her and replacing her with a less qualified white male, providing him and treating those not within her protected class more favorably.

78. Plaintiff has suffered damages as a result of Defendant AstraZeneca's unlawful discriminatory actions, including past and future lost wages and benefits, as well as costs for bringing this action.

## Count IV
**Discrimination Based on Gender in Violation of Title VII of the Civil Rights Act of 1964**

79. The allegations of Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80. Defendant AstraZeneca employees fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

81. Plaintiff received a Right to Sue letter from the DDOL on May 7, 2021, and a Right to Sue letter from the EEOC on May 10, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

82. During Plaintiff's employment with Defendant AstraZeneca, she was discriminated against in violation of Title VII.

83. Title VII makes it an unlawful practice to, among other things, "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e(a)(1).

84. Plaintiff, as a female, is a member of a protected class of which Defendant was aware.

85. Plaintiff was qualified for the position of Content Center Operations Manager in Global Commercial Operations.

86. Plaintiff was in fact promoted for the position of Content Center Operations Manager.

87. In April of 2019, Defendant AstraZeneca hired a male in Plaintiff's role while she was out on leave.

88. Plaintiff was never advised as to any changes in her duties and responsibilities. Plaintiff was regularly excluded from meetings and discussions which were supposed to include the Content Center Operations Manager. Plaintiff's replacement, Mr. Gentry, was permitted to participate in these meetings.

89. Defendant AstraZeneca has subjected Plaintiff to discrimination on the basis of her gender in violation of Title VII by terminating her and replacing her with a less qualified Caucasian male and providing him the opportunity to succeed in the role of Content Center Operations Manager to Plaintiff's detriment.

90. Plaintiff has suffered damages as a result of Defendant AstraZeneca's unlawful discriminatory actions, including past and future lost wages and benefits, as well as costs for bringing this action.

## Count V
### Discrimination Based on Family Cares Responsibilities in Violation of Delaware Discrimination in Employment Act ("DDEA")

91. The allegations of Paragraphs 1 through 90 are incorporated by reference as if fully restated herein.

92. Plaintiff received a Right to Sue letter from the DDOL on May 7, 2021, and a Right to Sue letter from the EEOC on May 10, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

93. DDEA makes it unlawful to, among other things, "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's family responsibilities," 19 *Del. C.* § 711(k)(1).

94. Defendant AstraZeneca discriminated against Plaintiff because of her family responsibilities.

95. Defendant AstraZeneca's discriminatory treatment began as a direct result of Plaintiff's family responsibilities.

96. Defendant discriminated against Plaintiff by hiring another individual in her same position, while she was attending to her family responsibilities, placing her on a Performance Improvement Plan without first counseling her on performance issues and terminating her.

97. Plaintiff has suffered damages as a direct result of Defendant AstraZeneca's unlawful discriminatory actions, including past and future lost wages and benefits, as well as costs for bringing this action.

## Count VI
### Violation of the Employee Retirement Income Security Act ("ERISA")

98. The allegations of Paragraphs 1 through 97 are incorporated by reference as if fully restated herein.

99. Defendant AstraZeneca's Retiree Health Care Plan was available to employees ages fifty-five years or older with a minimum of ten years of eligible service.

100. Plaintiff was fifty-four years old at the time of her termination on August 30, 2019.

101. Plaintiff had approximately twenty-one years of eligible service at the time of her termination on August 30, 2019.

102. Plaintiff would have been entitled to benefits from Defendant AstraZeneca's Retiree Health Plan as of May of 2020.

103. It is unlawful for any employer to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for … the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…" 29 U.S.C. § 1140

104. Upon information and belief, Plaintiff asserts Defendant AstraZeneca's decision to terminate her was a result of a desire to avoid paying Plaintiff's rightful benefits under the plan.

105. Plaintiff has suffered damages as a direct result of Defendant AstraZeneca's unlawful termination in the form of loss of benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Awarding Plaintiff any and all compensation due as a result of Defendant's violations herein.

C. Awarding Plaintiff punitive damages.

D. Awarding Plaintiff an equal and additional amount as liquidated damages.

E. Awarding Plaintiff costs and reasonable attorney's fees.

F. Awarding Plaintiff pre and post judgment interest at the legal rate.

G. Any and all such other relief as the Court deems appropriate under the circumstances.

**ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
*Attorney for Plaintiff*

Dated: June 1, 2021